**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIANO CALDERON ORTUNO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.     18-73304

Agency No. A071-644-040

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2021**
San Francisco, California

Before: SCHROEDER and BADE, Circuit Judges, and JACK,*** District Judge.

Mariano Calderon Ortuno, a native and citizen of Mexico, petitions for

review of the order of the Board of Immigration Appeals ("BIA") affirming the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Janis Graham Jack, United States District Judge for
the Southern District of Texas, sitting by designation.

order of the Immigration Judge ("IJ") denying Ortuno's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("Torture Convention") and ordering him removed to Mexico. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's factual determinations for substantial evidence, which means that we uphold those determinations "unless the evidence in the record compels a contrary conclusion," and we review questions of law de novo. *Cole v. Holder*, 659 F.3d 762, 769-70 (9th Cir. 2011) (citation omitted). We deny the petition.

1. A petitioner claiming asylum bears the burden to show a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). For withholding of removal, a petitioner must show a "clear probability of persecution" based on a protected ground. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). Under this standard, the protected ground need only be "a reason" behind the persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358-60 (9th Cir. 2017).

Substantial evidence supports the agency's conclusion that Ortuno has failed to show that his membership in a particular social group, in his case his family membership, is a reason for fear of persecution. He has not shown that family

2

membership was a reason for past extortion attempts or for any threats of future harm. He presented no evidence that the deaths of his grand-nephew and nephew were on account of family ties. Ortuno stated that the people who attempted to extort him and his family did so because they ask everyone for money. Several members of his family continue to reside in Mexico safely. Fear of generalized criminality does not satisfy the nexus requirement. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010).

2. Under the Torture Convention, a petitioner bears the burden to show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture" means "any act by which severe pain or suffering . . . is intentionally inflicted on a person" for specified purposes "when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official ... or other person acting in an official capacity." *Id.* § 1208.18(a)(1).

Substantial evidence supports the BIA's and IJ's conclusion that Ortuno has failed to establish a claim under the Torture Convention. Although he was subject to extortion attempts, he refused to pay and no one was harmed as a result. Ortuno testified that he could relocate and avoid future torture. General evidence of criminality and corruption in Mexico is insufficient. 8 C.F.R. § 1208.16(c)(3)(ii),

3

*see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (stating "generalized evidence of violence and crime" that "is not particular to [the] Petitioner[] . . . is insufficient to meet th[e] standard" for showing that "it is more likely than not that [he] would be tortured if returned" to his home country).

3. Ortuno argues that the Notice to Appear failed to list the time and date of the removal proceedings. Such failure does not strip the immigration court of jurisdiction. *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019).

The petition for review is **DENIED**.